<div style="writing-mode: vertical">United States District Court
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK FSB, | No. C-11-4390 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; VACATING OCTOBER 21, 2011 HEARING** |
| v. | |
| JULIANNA SIMMONS, | |
| Defendant. / | |

Before the Court is plaintiff Flagstar Bank FSB's ("Flagstar") Motion to Remand Case to State Court, filed September 14, 2011. Defendant Julianna Simmons ("Simmons"), who appears pro se, has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court finds the matters suitable for decision thereon, VACATES the hearing scheduled for October 21, 2011, and rules as follows.

In its complaint, Flagstar alleges one claim, specifically, a state law claim for unlawful detainer. In the notice of removal, Simmons asserts the complaint is removable pursuant to 28 U.S.C. § 1441 because, she contends, a federal question is presented and,

---

[1] Because the motion was served on Simmons by mail, any opposition was due no later than October 3, 2011. See Civil L.R. 7-3(a) (providing opposition to motion must be "served and filed not more than 14 days after the motion is served and filed"); Civil L.R. 5-5(a)(2) (providing that where motion is served by mail, "3 days are added to the time in which any party must respond").

alternatively, the parties are diverse in citizenship.[2]

As Flagstar correctly observes in its motion, the instant complaint was previously removed to district court by Simmons on July 22, 2011, and was remanded to state court on August 23, 2011, when the Honorable Charles R. Breyer adopted in full a Report and Recommendation from Magistrate Judge Maria Elena James. See Flagstar Bank v. Simmons, Civil Case No. 11-3611 CRB. In her Report and Recommendation, filed August 16, 2011, Magistrate Judge James found that no federal question was presented by the state law claim alleged in the complaint. Additionally, Magistrate Judge James found that because Simmons is a citizen of California, Simmons was not entitled to remove the case on diversity grounds, and, in any event, that Simmons had failed to establish the requisite amount in controversy.

On September 2, 2011, less than two weeks after her first attempt at removal was unsuccessful, Simmons again removed the case to district court. In her second notice of removal, Simmons fails to allege that any new circumstance has arisen since September 2, 2011, but, rather, repeats the very same grounds she had alleged the first time she removed the case.[3] Under such circumstances, the Court finds, for the reasons set forth in Magistrate Judge James's Report and Recommendation, filed August 16, 2011 in Civil Case No. 11-3611 CRB, that Simmons has failed to show, and cannot show, the Court has jurisdiction over Flagstar's complaint.[4]

---

[2] Although the notice of removal also cites 28 U.S.C. § 1443, Simmons fails to allege any facts that implicate the grounds for removal set forth in § 1443.

[3] The only difference between the two notices of removal is the date on which each notice was signed by Simmons. In all other respects, the two notices of removal are identical.

[4] Given the timing of the second notice of removal, and there being no difference in circumstances, it appears the second notice of removal was filed in bad faith. To date, Flagstar has not requested an award of sanctions. See 28 U.S.C. § 1447(c); Cal. Code Civ. Proc. § 128.5 (providing state trial court may order party to pay any reasonable expenses incurred by another party as "result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay); see also Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial (2011) ¶ 2:3832) (observing plaintiff may seek sanctions in state court, following remand of improperly removed state court action).

Accordingly, Flagstar's motion is hereby GRANTED, and the complaint is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: October 6, 2011

MAXINE M. CHESNEY
United States District Judge